UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL IMMIGRATION LITIGATION ALLIANCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　Defendant. | Case No. _____ |

## FOIA COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant U.S. Citizenship and Immigration Services (USCIS) to immediately release records relating to the processing, interview scheduling, and adjudication of affirmatively filed Form I-589, Applications for Asylum and for Withholding of Removal (asylum applications). Plaintiff National Immigration Litigation Alliance (NILA) seeks declaratory, injunctive, and other appropriate relief with respect to Defendant's unlawful withholding of these records.

2. Noncitizens within the United States who are not in removal proceedings and who seek protection from persecution and/or torture in their country of origin file an asylum application with USCIS. These are known as "affirmative" applications. In the last decade the number of such applications skyrocketed such that, in 2018, USCIS declared that "it was facing a 'crisis-level' backlog of pending affirmative asylum cases." U.S. Dep't of Homeland Sec. Off. of

Inspector Gen., *USCIS Faces Challenges Meeting Statutory Timelines and Reducing Its Backlog of Affirmative Asylum Claims*, 1 (July 3, 2024), https://www.oig.dhs.gov/sites/default/files/assets/2024-07/OIG-24-36-Jul24.pdf (DHS OIG Report).  By the end of fiscal year (FY) 2023, this backlog tripled to over one million pending claims. *Id*. As a result, thousands of applications have been pending for over a decade and hundreds of thousands have been pending for over four years. *Id.* at 6. On information and belief, noncitizens who are experiencing extensive delays in the adjudication of their asylum applications increasingly are filing lawsuits in federal district courts, challenging the delay as unreasonable. More than two thousand such lawsuits were filed this year alone.

3.  The first step in the adjudication of an asylum application is for USCIS to schedule the applicant for biometrics and an interview with an asylum officer. USCIS purports to schedule asylum interviews according to a two-track system and prioritizes some applications over others within those tracks. *Affirmative Asylum Interview Scheduling*, USCIS (Mar. 29, 2024), https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling. Some urgent scheduling requests are considered out-of-order on a case-by-case basis by asylum office directors. *Id.* "Since FY 2011, USCIS has completed fewer affirmative asylum applications than it received during each year. Between FY 2020 and FY 2023, USCIS completed less than one quarter of the total affirmative applications it received," with only 10 percent being completed in FY 2023. DHS OIG Report, at 6.

4.  On August 12, 2024, Plaintiff submitted a request pursuant to FOIA to Defendant, requesting records related to Defendant's implementation and operation of the two-track system for scheduling asylum interviews, statistics showing the number of asylum applications filed, and Defendant's methods of recordkeeping regarding filing dates of asylum applications. A copy of

the FOIA request is attached as Exhibit A. Despite its statutory obligation to do so, Defendant has failed to substantively respond to the FOIA request or produce any records in response to it. Plaintiff now asks this Court to order Defendant to locate and release all records responsive to the FOIA Request.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act).

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in this District; venue is also proper under 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff resides in this District.

7. Because Defendant failed to comply with the applicable time limitations in responding to the FOIA Request, Plaintiff is deemed to have exhausted administrative remedies in connection with the request. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

8. Plaintiff NILA is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of business at 10 Griggs Terrace, in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of social justice attorneys to litigate in federal court through co-counseling in individual cases and providing strategic assistance. In addition to litigation, NILA disseminates practice materials on its public website and frequently presents on federal court and immigration law and practice.

9. Defendant USCIS is a component agency of the Department of Homeland Security and an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for processing and adjudicating asylum applications. USCIS has possession and control over the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

10. On August 12, 2024, Plaintiff submitted the FOIA Request to Defendant, requesting records related to Defendant's implementation and operation of the two-track system for scheduling asylum interviews, statistics showing the number of asylum applications filed, and Defendant's methods of recordkeeping regarding filing dates of asylum applications. Exhibit A. Specifically, Plaintiff requested six categories of records:

- All policies, memoranda, training materials, formal or informal guidance, and/or instructions related to implementation and/or operation of USCIS' two-track system for scheduling asylum interviews, including but not limited to USCIS' procedures for determining which of the two Tracks an application is to be placed in and, if in Track One, what priority it is to be given.

- With respect to USCIS' Affirmative Asylum Interview Scheduling process statistics showing the number of affirmatively filed Form I-589 applications for each fiscal year (FY) from FY 2019-FY2024 (to date) that were *scheduled for interviews* under:
    - Each of the Track One priorities:
        - First priority, i.e., applications for which interviews must be rescheduled;
        - Second priority, i.e., applications pending 21 days or fewer;
        - Third priority, i.e., all other pending applications on a last-in, first-out (LIFO) basis; and
    - Track Two.

- All policies, memos, training materials, and formal or informal guidance and/or instructions related to requests that an interview be scheduled outside of the Track One priority order.

- With respect to requests from asylum applicants that USCIS schedule an asylum interview outside of the Track One priority order, statistics for each fiscal year from FY2020-FY2024 (to date) showing:
    - The total number of such requests received;
    - The total number of such requests granted;

4

- - Identification of each USCIS office which received such requests, the number of requests each such office received, and the number each such office granted.

- All policies, memoranda, training materials, and formal or informal guidance and/or instructions related to USCIS' maintenance of a nationwide record of the date on which *all* affirmative Form I-589 applications are filed, regardless of the location of filing, including records related to maintenance of a nationwide queue or waiting list for all such applications.

- All policies, memoranda, training materials, and formal or informal guidance and/or instructions related to USCIS' maintenance of local and/or regional records of the date on which affirmative Form I-589 applications are filed in any specific geographic region, including records related to maintenance of a local or regional queue or waiting list for all such applications.

*Id.* at 2-3.

11. Together with the request, Plaintiff sought a waiver of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), explaining how the requested material was critically important to assist attorneys, asylum applicants, and the general public in understanding how USCIS processes affirmative Form I-589 applications, many of which have been pending for multiple years. Plaintiff also explained how the requested material would contribute to the general public's understanding of government operations and activities. See Exhibit A at 3.

12. By a letter dated August 12, 2024, Defendant acknowledged receipt of the FOIA Request and granted Plaintiff's request for a fee waiver. Exhibit B.

13. Defendant did not notify Plaintiff whether it determined to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6). Defendant has failed to produce any records or make any substantive response to the FOIA Request. On information and belief, Defendant has not conducted an adequate search for records responsive to Plaintiff's request.

## CLAIMS FOR RELIEF
### COUNT ONE
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

14. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

15. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiff's FOIA Request.

16. Plaintiff submitted the FOIA Request on August 12, 2024. Defendant failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays). Similarly, Defendant failed to provide written notice to Plaintiffs invoking an extension in the time taken to comply with the request within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 6 C.F.R. § 5.5(c) (10 additional working days).

17. Defendant's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

## COUNT TWO
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct an Adequate Search and to Disclose Responsive Records

18. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

19. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records to Plaintiff.

20. Upon information and belief, Defendant has not conducted any search for records responsive to the FOIA Request. Defendant has not made a determination with respect to NILA's FOIA request or produced any records responsive to the FOIA Request. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

21. Defendant's failure to conduct a reasonable search and disclose all records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3) and the corresponding regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Assume jurisdiction over this action;

b) Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame, failure to conduct an adequate search for the records requested by Plaintiff, and failure to disclose the records requested by Plaintiff;

c) Order Defendant to make an adequate and expeditious search for the requested records;

d) Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding the requested records;

e) Award Plaintiff costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable statute or regulation; and

f) Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

*/s/ Kelly Morgan*
Kelly Morgan
Central West Justice Center
One Monarch Place, Suite 400
Springfield, MA 01144
(508) 425-2877
kmorgan@cwjustice.org

Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
mary@immigrationlitigation.org

*Pro hac vice application forthcoming*

*Attorneys for Plaintiff*

Dated: October 1, 2024