UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL IMMIGRATION LITIGATION ALLIANCE,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | Civil Action No. 1:24-CV-12506-IT |

## ANSWER

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint provide a description of this action, to which no response is required. To the extent a response is required, Defendant admits that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies the remaining allegations in this Paragraph and respectfully refers the Court to the FOIA request as the best evidence of its contents.

2. The allegations contained in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 2 of the Complaint reference a website and DHS OIG Report, the contents of which speak for themselves; otherwise, the allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 3 of the Complaint reference a website and DHS OIG Report, the contents of which speak for themselves; otherwise, the allegations are denied.

4. The allegations contained in Paragraph 4 of the Complaint contain Plaintiff's characterization of the FOIA Request at issue, which is a document, the contents of which speak for itself; thus, Defendant refers to the FOIA Request for a complete and accurate description of its contents. Defendant denies any mischaracterization of the contents of the documents referenced in Paragraph 4 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 5 of the Complaint reference statutes, the contents of which speak for themselves; otherwise, Defendant does not challenge this Court's jurisdiction over this matter.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 6 of the Complaint reference statutes, the contents of which speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's principal place of business, therefore, it is denied. Otherwise, Defendant does not challenge that venue lies with this Court.

7. The allegations contained in Paragraph 7 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 7 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations are denied.

## PARTIES

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint; therefore, they are denied.

9. Defendant admits that United States Citizenship and Immigration Services is a component of the United States Department of Homeland Security. The remaining allegations state a legal conclusion to which no response is requited; otherwise, the remaining allegations are denied.

## FACTUAL ALLEGATIONS

10. The allegations contained in Paragraph 10 of the Complaint contain Plaintiff's characterization of the FOIA Request at issue, which is a document, the contents of which speak for itself; thus, Defendant refers to the FOIA Request for a complete and accurate description of its contents. Defendant denies any mischaracterization of the contents of the documents referenced in Paragraph 10 of the Complaint. In further answering, Defendant admits it received a FOIA request from Plaintiff in August 2024.

11. The allegations contained in Paragraph 11 of the Complaint contain Plaintiff's characterization of the FOIA Request at issue, which is a document, the contents of which speak for itself; thus, Defendant refers to the FOIA Request for a complete and accurate description of its contents. Defendant denies any mischaracterization of the contents of the documents referenced in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint contain Plaintiff's characterization of a letter dated August 12, 2024, which is a document, the contents of which speak for itself; thus, Defendant refers to August 12, 2024, letter for a complete and accurate description of its contents. Defendant denies any mischaracterization of the contents of the document referenced in Paragraph 10 of the Complaint. In further answering, Defendant admits that it sent the August 12, 2024 letter to Plaintiff.

13. The allegations contained in Paragraph 13 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 13 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations in

Paragraph 13 of the Complaint are denied. In further answering, Defendant states that it is in the process of gathering responsive records to the FOIA Request for production.

## CLAIMS FOR RELIEF
### COUNT ONE
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

14. Defendant repeats and realleges Responses 1-13 as if fully set forth herein.

15. The allegations contained in Paragraph 15 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 15 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 16 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 17 of the Complaint reference s a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 17 of the Complaint are denied.

### COUNT TWO
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct an Adequate Search and to Disclose Responsive Records**

18. Defendant repeats and realleges Responses 1-17 as if fully set forth herein

19. The allegations contained in Paragraph 19 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 19 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint state a legal conclusion to which no response is required. In further answering, Defendant denies the allegations in Paragraph 20 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 of the Complaint state a legal conclusion to which no response is required. In further answering, the allegations in Paragraph 21 of the Complaint reference a statute, the contents of which speak for itself; otherwise, the allegations in Paragraph 21 are denied.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief requires no response. To the extent a response is required, Defendants deny all factual allegations in Plaintiff's prayer for relief, including subparagraphs a through f, and deny that Plaintiff is entitled to relief in this lawsuit.

All allegations specifically not responded to above are denied.

## AFFIRMATIVE DEFENSES

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's Declaratory Judgment Act claim. *See* Fed. R. Civ. P. 12(h)(3), nor is Plaintiff entitled to injunctive relief under FOIA.

### Second Defense

Plaintiff seeks to impose obligations or requests relief that exceed what is authorized under the Freedom of Information Act. *See* 5 U.S.C. § 552.

### Third Defense

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable Freedom of Information Act exemption. *See* 5 U.S.C. § 552(a).

### Fourth Defense

Plaintiff is not entitled to attorneys' fees and costs.

### Fifth Defense

Defendants have complied with its obligations under FOIA.

### Sixth Defense

Some or all the Complaint fails to state a claim.

### Seventh Defense

Any information Defendants have withheld in response to Plaintiff's requests is exempt in whole or part under the FOIA.

### Eighth Defense

The Court lacks jurisdiction over the subject matter of the Complaint for any relief that exceeds the relief authorized by statue under 5 U.S.C. § 552, regardless of the identity of the FOIA requester or their particular interest in the records sought.

### Ninth Defense

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA requests at issue in this action.

Defendants reserve the right to amend, alter, and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

\#

\#

\#

\#

\#

                                                Respectfully submitted,

                                                JOSHUA S. LEVY
                                                United States Attorney

Dated: November 29, 2024            By:    */s/ Michael Sady*
                                                Michael Sady (BBO #552934)
                                                Assistant U.S. Attorney
                                                United States Attorney's Office
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA  02210
                                                (617) 748-3100
                                                Michael.Sady@usdoj.gov